UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **WILLIAM D. CAMPBELL,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**CSX TRANSPORTATION, INC.,** )<br>)<br>**Defendant.** ) | Case No. 08-CV-2045 |

## OPINION

This case is before the court for ruling on various pending motions filed by Defendant, CSX Transportation, Inc. Plaintiff, William D. Campbell, has not filed a response to the motions. This court has carefully considered Defendant's arguments and the documents filed. Following this careful and thorough consideration, this court rules as follows: (1) Defendant's Motion to Bar Dr. Schoedinger and Dr. Dearnbarger from Giving Expert Causation Opinions (#29) is GRANTED; and (2) Defendant's Motion for Summary Judgment for Lack of Causation Evidence (#26) is GRANTED. Based upon these rulings, Defendant's remaining pending motions (#28, #31, #33) are MOOT.

## FACTS[1]

Plaintiff was hired by Defendant on April 10, 1977. Plaintiff's employment with Defendant was terminated in August 2006 after his second positive test for cocaine. Plaintiff testified at his deposition that his termination did not have anything to do with any physical problems he was having at that time. At the time of his termination, he did not have any work restrictions. Plaintiff testified that he is now claiming that he injured his neck and lower back during his employment with

---

[1] The facts recited are taken from Defendant's Statement of Undisputed Facts and the documents Defendant has provided to this court, including portions of deposition transcripts.

Defendant.

Plaintiff saw Dr. George Schoedinger for the first time on October 30, 2006. Plaintiff testified that Dr. Schoedinger is the only doctor he has seen for his problems with his neck and back. Dr. Schoedinger testified that Plaintiff reported that he had been employed as a railroad conductor until June 2006. Dr. Schoedinger performed surgery on Plaintiff's cervical spine on May 21, 2008, and performed surgery on his lumbar spine on October 29, 2008. Dr. Schoedinger testified that the repetitive nature of the sorts of activities that Plaintiff engaged in during his employment as a railroad conductor "imposes stresses on the back and on the neck and knees and hips and ankles, elbows and shoulders to an extent greater than . . . somebody who is engaged in sedentary work." Dr. Schoedinger testified that it was his opinion that "at least a portion [of Plaintiff's] condition of ill-being based upon his history was related to his longstanding exposure to repetitive stresses imposed on his spine."

Dr. Schoedinger testified, however, that Plaintiff did not tell him about any particular work activities that he associated with his neck or back. Dr. Schoedinger also testified that he did not conduct an inquiry regarding the actual work Plaintiff performed during his employment or observe the location where Plaintiff worked. Dr. Schoedinger stated that he made an assumption about Plaintiff's work activities "by reasons of his report of being a conductor and my knowledge of what those people do." Dr. Schoedinger further testified that, in formulating his opinion, he did not conduct any testing to determine the forces on the spine or neck from activities associated with employment as a railroad conductor nor was he aware of any literature regarding this subject. Dr. Schoedinger testified that he did not ever ask Plaintiff about any activities that he engaged in throughout his life outside of his railroad work.

Dr. Kurt Dearnbarger testified that he is Plaintiff's family doctor. Dr. Dearnbarger testified that his opinion was that the cause of Plaintiff's back and neck pain was "multifactorial," including "chronic lifting and hard work." Dr. Dearnbarger testified that he knew Plaintiff had worked as a conductor but did not know exactly what his main functions were or what his duties were. Dr. Dearnbarger testified that he does not know how long Plaintiff worked for the railroad, has never read any studies or literature on the job duties of railroad conductors, did not visit any of Plaintiff's job sites and never observed Plaintiff perform any of his job duties. Dr. Dearnbarger testified that he is not aware of any studies that measure the stress that railroad work places in the body. He also testified that he has not personally performed any measurements on the levels of stress that railroad work causes on the body.

PROCEDURAL HISTORY

On November 2, 2007, Plaintiff filed his Complaint (#2) against Defendant in the Southern District of Illinois. In his one-count Complaint, Plaintiff sought damages pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. Plaintiff alleged that he suffered injuries to his back and neck during his employment with Defendant. He alleged that his responsibilities as a conductor included "walking on the tracks[,] riding on the trains and other responsibilities, including walking on rough, uneven surfaces and locations and riding on rough equipment." Plaintiff alleged that his injuries "initially onset in approximately January 2006 and were diagnosed subsequently thereto." Plaintiff alleged that Defendant did not provide him with a reasonably safe workplace, reasonably safe equipment and reasonably sufficient help.

On February 14, 2008, this case was transferred to this court. On March 25, 2008, a Discovery Order (#24) was entered. The Discovery Order provided that the deadline for Plaintiff

to disclose experts and provide expert reports was October 31, 2008. In his Answers to Defendant's First Interrogatories, Plaintiff stated that he "may call any of his treating doctors as non-retained expert witnesses, including Dr. Dearnbarger and Dr. Schoedinger." Plaintiff stated that Dr. Schoedinger will testify regarding "medical issues & permanency, pain, causation and related medical testimony concerning his care and treatment," and Dr. Dearnbarger will testify regarding "general medical issues concerning his care and treatment." Plaintiff has not disclosed any other expert witnesses and the deadline for doing so has passed. This case has been scheduled for a final pretrial conference on July 30, 2009, at 1:30 p.m. and a jury trial on August 24, 2009, at 9:00 a.m.

On March 27, 2009, Defendant filed a Motion for Summary Judgment for Lack of Causation Evidence (#26) and a Memorandum of Law in Support (#27), with attached documentation. Defendant also filed a Motion to Bar Dr. Schoedinger and Dr. Dearnbarger from Giving Expert Causation Opinions (#29) and a Memorandum of Law in Support (#30), with attached exhibits. In addition, Defendant filed a Motion for Partial Summary Judgment Regarding Ballast Claims (#31) and a Memorandum of Law in Support (#32), with attached exhibits. Defendant also filed Motions requesting a hearing on the Motions for Summary Judgment (#28, #33).

Plaintiff's Response to Defendant's Motion to Bar (#29) was due on April 13, 2009. Plaintiff's Responses to Defendant's Motions for Summary Judgment were due on April 20, 2009. On April 27, 2009, Plaintiff filed a Motion for Extension of Time to Respond to Defendant's Motions (#34). Plaintiff requested a 30-day extension to file his Responses to Defendant's pending Motions. On April 27, 2009, this court entered a text order denying Plaintiff's Motion for Extension of Time. This court stated that Plaintiff's Motion for an extension of time to respond to the pending motions was filed long after the responses were due and must be denied.

ANALYSIS

I. MOTION TO BAR

In its Motion to Bar (#29) and Memorandum of Law in Support (#30), Defendant argued that the causation opinions of Dr. Schoedinger and Dr. Dearnbarger, Plaintiff's treating physicians who were disclosed as "non-retained expert witnesses," should be barred because they do not meet the requirements of Rule 702 of the Federal Rules of Evidence or the standard set out in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993).

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony in federal courts and establishes two general admissibility requirements for expert testimony: "(1) the expert must be qualified, and (2) the subject matter of the expert's testimony must consist of specialized knowledge that will be helpful or essential to the trier of fact in deciding the case." <u>United States v. Lanzotti</u>, 205 F.3d 951, 956 (7th Cir. 2000). The proffered expert's opinion also must be: (1) based upon sufficient facts or data; (2) the product of reliable procedures or methods; and (3) applied reliably to the facts of the case. Fed. R. Evid. 702. Treating physicians are not exempt from the requirements of Rule 702 because "we do not distinguish the treating physician from other experts when the treating physician is offering expert testimony regarding causation." <u>O'Conner v. Commonwealth Edison Co.</u>, 13 F.3d 1090, 1105 n.14 (7th Cir. 1994). The United States Supreme Court has emphasized that a district court must act as a gatekeeper in ensuring "that any and all scientific testimony or evidence is not only relevant, but reliable." <u>Daubert</u>, 509 U.S. at 589. The Seventh Circuit has interpreted <u>Daubert</u> to require a district court to undertake a two-step inquiry. <u>O'Conner</u>, 13 F.3d at 1106. The district court must first determine whether the expert's testimony pertains to scientific knowledge. <u>O'Conner</u>, 13 F.3d at 1106. This task requires a district

court to "consider whether the testimony has been subjected to the scientific method; it must rule out 'subjective belief or unsupported speculation.'" O'Conner, 13 F.3d at 1106, quoting Daubert, 509 U.S. at 590. Second, the court must determine whether the evidence or testimony is relevant, that is, whether it assists the trier of fact in understanding the evidence or in determining a fact in issue. O'Conner, 13 F.3d at 1106. The reliability and relevance factors are designed to "make certain that an expert, whether basing the testimony upon professional studies or personal experience employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).

The first prong of the two-step gatekeeper inquiry, reliability, focuses on the methodology of the expert. See Clark v. Takata Corp., 192 F.3d 750, 756-57 (7th Cir. 1999). The expert must substantiate his opinion, and not simply provide the ultimate conclusion without analysis. Clark, 192 F.3d at 756. Either hands-on testing or review of experimental, statistical, or other scientific data gathered by others may suffice as a reasonable methodology for an opinion. Clark, 192 F.3d at 758.

In this case, the testimony of Dr. Schoedinger and Dr. Dearnbarger demonstrated that any opinions regarding causation were not based upon testing or review of scientific data but were rather based upon assumption and speculation. Following this court's careful consideration of the documentation provided by Defendant and the relevant case law, this court agrees with Defendant that neither Dr. Schoedinger nor Dr. Dearnbarger used a methodology sufficient to meet the reliability prong of the Daubert analysis. See, e.g., Bowers v. Norfolk S. Corp., 537 F. Supp. 2d 1342, 1352-66 (M.D. Ga. 2007) (following lengthy and detailed analysis, court excluded proffered expert opinions regarding the cause of the plaintiff's back injury, finding that the experts did not

employ a reliable methodology in reaching their opinions); Stasior v. Nat'l R.R. Passenger Corp., 19 F. Supp. 2d 835, page (N.D. Ill. 1998) (proffered expert testimony on causation not based on scientifically reliable methodologies, so not admissible in a FELA action); Zarecki v. Nat'l R.R. Passenger Corp., 914 F. Supp. 1566, 1574-75 (N.D. Ill. 1996) (proposed expert testimony on causation not based on any discernable scientific methodology and inadmissible); see also Sowell v. Burlington N. & Santa Fe Ry. Co., 2004 WL 2812090, at *5 (N.D. Ill. 2004) (court noted that treating physician did not reveal how he knew what was required of a railroad engineer or conductor, stating that "[k]nowledge of the duties of a railroad engineer or conductor is not part of ordinary medical training"). This court therefore agrees with Defendant that Dr. Schoedinger and Dr. Dearnbarger cannot present admissible expert testimony on the issue of causation. Accordingly, Defendant's Motion to Bar Dr. Schoedinger and Dr. Dearnbarger from Giving Expert Causation Opinions (#29) is GRANTED.

## II. SUMMARY JUDGMENT MOTION FOR LACK OF CAUSATION EVIDENCE

### A. STANDARD

As noted, Plaintiff has not filed a response to Defendant's Motion for Summary Judgment for Lack of Causation Evidence (#26). Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's

statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

## B. CAUSATION

In its Motion for Summary Judgment for lack of Causation Evidence (#26) and Memorandum of Law in Support (#27), Defendant argued that Plaintiff has proffered no admissible evidence that his railroad work caused or contributed to his alleged injuries. Defendant argued that, because there is no genuine issue of material fact on this essential element of Plaintiff's case, Defendant is entitled to summary judgment.

Plaintiff sued Defendant under FELA, which enables railroad employees to recover for

injuries "resulting in whole or in part from the negligence" of the railroad or its agents." Campbell v. Nat'l R.R. Passenger Corp., 2008 WL 4367450, at *2 (N.D. Ill. 2008), citing 45 U.S.C. § 51. Because FELA is not a strict liability statute, plaintiffs still must prove the traditional common law elements of negligence, including: (1) foreseeability; (2) duty; (3) breach; and (4) causation. Williams v. Nat'l R.R. Passenger Corp., 161 F.3d 1058, 1062 (7th Cir. 1998); Fulk v. Ill. Cent. R.R. Co., 22 F.3d 120, 124 (7th Cir. 1994); Campbell, 2008 WL 4367450, at *2. "Critical to the FELA plaintiff's case is some evidence of a causal connection between the employer's negligence and the plaintiff's injury. Campbell, 2008 WL 4367450, at *3, citing Schmaltz v. Norfolk & W. Ry. Co., 896 F. Supp. 180, 182 (N.D. Ill. 1995). "[U]nless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile," expert testimony is required to establish the causal connection between the railroad's negligence and the injury at issue. Campbell, 2008 WL 4367450, at *3, quoting Schmaltz, 896 F. Supp. At 182.

In this case, this court has ruled that Plaintiff's proffered expert testimony on the issue of causation is inadmissible. This court further concludes that the causal connection between Defendant's purported negligence and Plaintiff's alleged neck and back injuries are less than clear to a layman. See Campbell, 2008 WL 4367450, at *3. Therefore, because Plaintiff has failed to produce any admissible evidence to support a necessary element of his FELA claims, summary judgment is warranted. See Doty v. Ill. Cent. R. Co., 162 F.3d 460, 462-63 (7th Cir. 1998); Campbell, 2008 WL 4367450, at *4; Stasior, 19 F. Supp. 2d at 853; Zarecki, 914 F. Supp. at 1575; Schmaltz, 896 F. Supp. at 183.

### III. REMAINING MOTIONS

Because this court has concluded that Defendant is entitled to judgment as a matter of law

on Plaintiff's Complaint, this court does not need to consider Defendant's Motion for Partial Summary Judgment Regarding Ballast Claims (#31) or Defendant's Motions requesting a hearing regarding its Motions for Summary Judgment (#28, #33). Accordingly, these Motions are MOOT.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Bar Dr. Schoedinger and Dr. Dearnbarger from Giving Expert Causation Opinions (#29) is GRANTED.

(2) Defendant's Motion for Summary Judgment for Lack of Causation Evidence (#26) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint (#2).

(3) Based upon this ruling, the remaining motions filed by Defendant (#28, #31, #33) are MOOT.

(4) This case is terminated. The final pretrial conference scheduled on July 30, 2009, at 1:30 p.m. and the jury trial scheduled on August 24, 2009, at 9:00 a.m. are hereby VACATED.

ENTERED this 21st day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE